No. 79.—DAVID McDANIEL, plaintiff in error, *vs.* E. L. STRO- HECKER, defendant in error.

[1.] If the verdict is not supported by the evidence, to grant a new trial is proper.

[2.] The judgment granting a new trial, is not affected by a failure in the Judge to enter on the minutes his reasons for the judgment.

Deceit, in Bibb Superior Court. Motion for a new trial. Decided by Judge POWERS, November Term, 1855.

This suit was brought by David McDaniel *vs.* Ed. L. Strohecker, for decit in the sale of a negro girl Ellen, in representing her to be sound, when, in fact, she was laboring with consumption, which was well known to defendant.

The abstract of the testimony was as follows:

*G. J. Blake,* as agent for plaintiff, bought the negro Ellen of defendant. Defendant refused to warrant the soundness of the negro, saying that he knew nothing to the contrary of her being sound, but that he had heard of persons suffering unjustly from warranties. Defendant offered to take $700 for her; witness reported to plaintiff, who finally said he would close the bargain (after examining the negro) and take the risks. There were no marks then on her breast; the negro had a vial of cherry pectoral in her bosom; defendant is a physician, and plaintiff a dealer in negroes; the bill of sale was made to witness; the negro, with a full warranty of soundness, was worth $800; plaintiff sold the negro to defendant some two years previously; the last trade was made in February, 1854.

*Dr. Ricks* saw the negro 25th May, 1854; she was then in second stage of pulmonary consumption; she is now dead; saw marks of blistering and cupping on her breast; could not say how long she had been suffering with this disease.

*Joel Price,* a farmer, saw the negro last of February, 1854; she was then in very bad health; does not know how or when she died.

*R. Bunn,* farmer and merchant, saw the negro shortly after her arrival in North Carolina; she was then sick and feeble.

The Jury found a verdict for the plaintiff for $700, with interest; whereupon, the Court granted a new trial, on the grounds—

1st. That the verdict was contrary to the charge of the Court.

2d. That it was contrary to the law and evidence.

3d. That it was strongly against the weight of evidence.

This decision is assigned as error.

Poe & Grier, for plaintiff in error.

Rutherford, for defendant in error.

McDaniel *vs.* Strohecker.

*By the Court.*—BENNING, J. delivering the opinion.

Was the verdict against the evidence, or strongly against the weight of the evidence? If it was either, the judgment of the Court below granting the new trial, was right.

The verdict was for the plaintiff; the action was for an alleged deceit in the sale of a slave as sound, when she was not sound.

To support such an action, it is necessary that the plaintiff prove that the slave was unsound, that the defendant knew this, and that the plaintiff did not know it.

Now the evidence authorizes, if it does not require, the inference, that the plaintiff knew as much about the condition of the slave as the defendant did, and that both the plaintiff and the defendant suspected her soundness.

Blake, the plaintiff's witness, swore " that the negro, during the negotiation, was sent by defendant to plaintiff, that he might examine her; that plaintiff was a negro dealer;" that plaintiff did examine her; that while doing so, the girl took from her bosom "a vial of cherry pectoral (which was labelled as good for a variety of complaints) and set it on the counter; that plaintiff then asked him if defendant was a man whose word could be relied on, and witness replied yes, I think so; that plaintiff then requested witness to go and offer $700, if the defendant would warrant the health, or $600 without any warranty; that witness went and made such offer, but defendant refused to change his terms, to-wit: $700 without warranty of health; that he reported it to plaintiff, who authorized him to go and close at $700 without warranty, saying I will take her and risk it, or I will take the chances;" that the bill of sale did not warrant the girl's health, but "warranted every thing else." "Witness further said, that he knew the girl, and considered her, as to her qualities, rather a trifling negro; but that, from her appearance, if there had been no suspicion of unsoundness, she would have brought $800; that he thought the plaintiff, who

knew her, having sold her (hear his partner) some year and a half or two years before, to defendant, would have given $800 for her if there had been no suspicion of unsoundness, but that witness would not have given so much, for the reason just stated, that he, witness, knew the girl, but knew of no unsoundness or disease, or of her having been treated for any disease."

It is plain that this evidence authorizes the inference which I have said that it does.

[1.] And if that be so, the evidence does not support the verdict; for to support the verdict, the evidence ought, at least, to show that the plaintiff knew *less* about the condition of the slave than the defendant knew; and it ought not to show, that both the plaintiff and the defendant had reason to suspect the soundness of the slave ; and that, on account of that suspicion, the price was made lower.

We think, therefore, that the new trial was properly granted.

Nor do we think that the judgment of the Court below, granting the new trial, was affected by the failure of " the Judge allowing the same" to " enter on the minutes of said Court his reasons for the same."

It is true that the Constitution of the State requires a Judge, when he grants a new trial, to do this. (*Cobb's Dig.* 1121.) But it does not say, that unless he does it, the judgment granting the new trial shall be void.

And we regard the clause of the Constitution requiring this to be done, as merely directory. If so, a failure to observe the clause, is not a thing for *parties* to complain of; not that we mean to say that it is a thing to be complained of in any quarter. That point is not for us.

We think the judgment of the Court below ought to be affirmed.